IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | CASE NO. 2:15-CV-465-WKW [WO] |
| RETRO, LLC, *et al.*, ) ) | |
| Defendants, ) | |

## **ORDER**

This is a declaratory judgment action in which Plaintiff seeks a declaration that is owes no insurance coverage to Defendants Retro, LLC ("Retro"), and Mickey Phillips ("Phillips") for favorable judgments Defendants Jessica Tompkins ("Tompkins") and Natalie Richardson obtained against Retro and Phillips in state-court lawsuits.  Before the court are Plaintiff's Applications for Entry of Default against Retro and Phillips.  (Docs. # 18, 24.)   Tompkins filed Objections to the Applications.  (Docs. # 19, 25.)  Plaintiff responded to the Objections.  (Doc. #26.)

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  A defendant is not a party until properly served; therefore, "[i]n order to obtain entry of a clerk's default, a plaintiff must first effect

service of the summons and the complaint properly on the defendant." *Barker v. Sai Deva Corp.*, No. 3:08cv683, 2008 WL 4791049, at *1 (M.D. Fla. Oct. 29, 2008).

Plaintiff has satisfied Rule 55(a)'s requirements for the entry of default against the non-appearing defendants, Retro and Phillips. Specifically, counsel for Plaintiff has demonstrated by competent proof that he properly served Retro and Phillips under Federal Rule of Civil Procedure 4. (Docs. # 7, 23.) Notwithstanding proper service, Retro and Phillips have not filed answers or otherwise defended the allegations in the Complaint or entered appearances. Because Rule 55(a)'s procedural requirements are satisfied, entry of default against Retro and Phillips is mandated by the imperative verb "must" in Rule 55(a).

Ms. Tompkins objects to the "entry of a Default Judgment" against the non-appearing Defendants to the extent that the Clerk of the Court or the court "makes a determination as to the coverage available to [the non-appearing Defendants] under the James River Insurance Company insurance policy in question." (Doc. # 25, at 1.) Plaintiff asserts that Ms. Tompkins "lacks any standing to object to the entry of default against another party over whom she has no control." (Doc. # 26, at 2.)

It is unnecessary to address the arguments regarding Ms. Tompkins's standing. The entry of default under Rule 55(a), as opposed to the entry of default

2

judgment under Rule 55(b), "is not a judgment of liability, but is merely the Court's recognition that a defendant has failed to plead or otherwise defend a case." *Bivens v. Roberts*, No. 208cv026, 2009 WL 411527, at *6 (S.D. Ga. Feb. 18, 2009) (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). Plaintiff has not requested a default judgment, and, as Plaintiff appropriately concedes, the entry of default "does not foreclose [the remaining Defendants'] individual rights to contest [Plaintiff's] coverage position." (Doc. # 26, at 2.)  In short, Ms. Tompkins's concerns are premature.

Accordingly, the Clerk of the Court is DIRECTED to enter default against Defendants Retro, LLC, and Mickey Phillips on the civil docket pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

DONE this 15th day of October, 2015.

                            /s/ W. Keith Watkins
                     CHIEF UNITED STATES DISTRICT JUDGE