UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

JAMES RIVER INSURANCE COMPANY,
an Ohio corporation,

    Plaintiff,

v.

CASE NO: 2:15-cv-00465

RETRO, LLC d/b/a REWIND,
an Alabama limited liability company,
MICKEY PHILLIPS, an Alabama citizen,
JESSICA LYNN TOMPKINS,
an Alabama citizen,
and NATALIE LINA RICHARDSON,
an Alabama citizen,

    Defendants.
_____/

## MOTION TO TAKE JUDICIAL NOTICE OF UNDERLYING COMPLAINTS AND INCORPORATED MEMORANDUM OF LAW

The Plaintiff, JAMES RIVER INSURANCE COMPANY ("James River"), pursuant to Fed. R. Evid. 201, moves this Court to take judicial notice of the underlying complaints filed by JESSICA LYNN TOMPKINS ("Tompkins") and NATALIE LINA RICHARDSON ("Richardson") and in support, states:

1.    James River initiated this lawsuit, seeking a judicial declaration that it has no obligation to defend or indemnify its insureds, RETRO, LLC ("Retro") and MICKEY PHILLIPS ("Phillips") for separate lawsuits filed in the Circuit Court in and for Montgomery County, Alabama by Tompkins and Richardson, respectively. Specifically, James River seeks a judicial declaration that it has no obligation to defend or indemnify Retro and Phillips for lawsuits alleging bodily injuries arising out of separate assault and battery incidents on Retro's premises.

The James River policy includes an Assault and Battery Exclusion that eliminates coverage for the purported claims asserted by Tompkins and Richardson.

2. James River attached an electronically stamped copy of Tompkins's Amended Complaint, filed in Case No. CV-2012-900678 (Montgomery County, Alabama) as Exhibit A to its complaint (DE 1-1.) *See* Exhibit "A" attached.

3. James River attached an electronically stamped copy of Richardson's Complaint filed in Case No. CV-2012-900823 (Montgomery County, Alabama) as Exhibit B to its complaint (DE 1-2.) *See* Exhibit "B" attached.

4. Both complaints were electronically stamped by the Clerk of Courts for the Circuit Court of Montgomery County, Alabama.

5. In their answers to James River's complaint, neither Tompkins nor Richardson admitted that the documents attached to James River's complaint were true and correct copies of their own underlying pleadings.

6. James River requests this Court take judicial notice of Tompkins's and Richardson's own underlying complaints, the allegations of which are critical to the Court's analysis of the coverage issues, in particular James River's duty to defend.

7. Because this declaratory judgment action is directly related to the underlying lawsuits, James River seeks judicial notice of the operative complaints filed by Tompkins and Richardson, for the purpose of establishing adjudicative facts.

**ARGUMENT AND CITATION OF AUTHORITIES**

Pursuant to Fed. R. Evid. 201(c)(2), "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."  A federal court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources

15209340v1 0965601

whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Federal Rule of Evidence 201(d) allows for judicial notice to be taken "at any stage of the proceeding." As one court explained, Courts may "take notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue." *Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983).

It has long been the law in this Circuit, as well as other circuits, that courts may take judicial notice of developments in other related lawsuits. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir.1994) (taking judicial notice of another court's order "for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation."). The Eleventh Circuit explained the parameters of the rule as follows: "Judicial notice is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement of proof by evidence. Adjudicative facts are facts that are relevant to a determination of the claims presented in a case." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir 2004) (citing Rule 201(a) and (b); Fed. R. Evid. 201(a) advisory committee's note). *See e.g.*, *Vongrabe v. Rice*, 3:06 CV 152 J 33HTS, 2006 WL 1805873, *2 (M.D. Fla. June 26, 2006) (taking judicial notice of voluminous pleadings, transcripts and orders from various related cases originating in bankruptcy, district and appellate courts); *Witthohn v. Federal Ins. Co.*, No. 05-1378, 2006 WL 228621, *2 (4th Cir. Jan. 31, 2006) (holding a federal court may take judicial notice of a state court's records when ruling on an insurance company's motion to dismiss); *Arthur Anderson LLP v. Fed. Ins. Co.*, 06 C 1824, 2007 WL 844632 (N.D. Ill. 2007) (taking judicial notice of pleadings, orders, and trial transcripts from previous litigation between the parties); *Ricupero v. Wuliger, Fadel & Beyer*, 1:91CV0589, 1994 WL 483871 (N.D. Ohio 1994) ("Because certified trial transcripts are admissible for consideration under Rule 56,

and because the transcripts are not inherently hearsay, this Court will take judicial notice of the transcripts."); *U.S., ex rel. Read v. Cent. Plains Clinic*, CIV. 97-4049, 1998 WL 663330 (D.S.D. 1998) (granting request to take judicial notice of documents that included portions of trial transcripts); *Cox v. Wyrick*, 528 F.Supp. 363, 364 (E.D. Mo. 1981) (taking judicial notice of the file in the trial proceedings, including the state trial transcript); and *Onnen v. Sioux Falls Indep. Sch. Dist. #49-5*, CIV 07-4174, 2011 WL 691620 (D.S.D. 2011) (taking judicial notice of the pleadings, orders and trial transcript in the state court action).

In the present action, the documents attached as Exhibits "A" and "B" were electronically stamped by the Clerk of Courts for the Circuit Court of Montgomery County.  They were the operative pleadings at the time the default judgment was entered against Retro and Phillips in the underlying consolidated actions.  These pleadings form the basis for the Court's inquiry regarding whether a duty to defend exists.  Accordingly, this Court should take judicial notice of the underlying amended complaint filed by Tompkins (Ex.A) and the underlying complaint filed by Richardson (Ex.B).

## CONCLUSION

In order to have this matter fully adjudicated, the proper underlying pleadings should be before this Court. Since the Defendants did not admit to their own pleadings in response to James River's complaint, James River requests this Court take judicial notice of the underlying pleadings, as well as any other relief that this Court deems equitable and just.

    Respectfully submitted,

    JAMES RIVER INSURANCE COMPANY

    By Its Attorneys,

    */s/ Chad M. Vacarella*
    Chad M. Vacarella,
    Bar No. ASB-7140-D65V
    cvacarella@hinshawlaw.com
    HINSHAW & CULBERTSON LLP
    28 State Street
    24th Floor
    Boston, Massachusetts 02109
    617-213-7000 (T)
    617-213-7001 (F)

- and –

    */s/ John J. Cavo*
    John J. Cavo (*Pro Hac Vice*)
    Florida Bar No. 0462764
    jcavo@hinshawlaw.com
    HINSHAW & CULBERTSON LLP
    2525 Ponce de Leon Blvd., 4th Floor
    Miami, Florida 33134
    305-358-7747 (T)
    305-577-1063 (F)

    *Sina Bahadoran (*Pro Hac Vice* pending)

15209340v1 0965601

**CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that prior to filing this motion, I attempted to confer with counsel for the defendants. Counsel for Richardson responded and advised he had no objection to the relief requested. Counsel for Tompkins did not respond to my correspondence to state whether Tompkins objects to the relief sought.

s/JOHN J. CAVO
**JOHN J. CAVO**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 1, 2016, I e-filed this document using the CM/ECF system. I further certify that I am not aware of any non-CM/ECF participants.

s/JOHN J. CAVO
**JOHN J. CAVO**

15209340v1 0965601