## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## MONTGOMERY DIVISION

JAMES RIVER INSURANCE COMPANY,
an Ohio corporation,

      Plaintiff,

v.

                                        CASE NO: 2:15-cv-00465
                                        **DISPOSITIVE MOTION**

RETRO, LLC d/b/a REWIND,
an Alabama limited liability company,
MICKEY PHILLIPS, an Alabama citizen,
JESSICA LYNN TOMPKINS,
an Alabama citizen,
and NATALIE LINA RICHARDSON,
an Alabama citizen,

      Defendants.
_____/

## JAMES RIVER INSURANCE COMPANY'S MOTION FOR FINAL SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

      Plaintiff JAMES RIVER INSURANCE COMPANY ("James River"), pursuant to Fed. R. Civ. P. 56, moves for final summary judgment against defendants RETRO, LLC d/b/a REWIND ("Retro"), MICKEY PHILLIPS ("Phillips"), JESSICA LYNN TOMPKINS's ("Tompkins"), and NATALIE LINA RICHARDSON ("Richardson"), and in support, states:

### INTRODUCTION

      The issue in this action is uncomplicated. Jessica Tompkins and Natalie Richardson were on Retro's premises, when they were brutally attacked, assaulted, and battered by Cornell Nobles, Jr. ("Nobles"). Nobles was sentenced to 75-years in prison. Tompkins and Richardson filed suit against Retro, and Retro's member-manager Phillips for their injuries from the attacks.

At issue is whether Retro and Phillips are covered for the Tompkins and Richardson's injuries from the assault and battery under a James River policy that includes an Assault and Battery Exclusion.  In plain language, the exclusion summarily excludes coverage for "bodily injury" in any way broadly arising out of, resulting from, or in connection with:

- Assault or battery, whether or not caused or committed by or at the instructions of or direction of or negligence of [Retro], any insured, any person, or any causes whatsoever;

- The failure to suppress or prevent assault or battery by any person;

- the failure to provide an environment safe from assault or battery, including but not limited to the failure to provide adequate security, or the failure to warn of the dangers of the environment which could contribute to the assault or battery;

- negligent employment, investigation, hiring, supervision, training or retention of any person;

- the use of force to protect persons or property; or

- the failure to render or secure medical treatment or care necessitated by any assault or battery.

It is indisputable that the underlying lawsuits arose out of Nobles's heinous assaults and batteries.  It is accordingly inconsequential that the allegations in Tompkins and Richardson's lawsuits were couched in terms of negligent security, premises liability, negligent supervision, failure to warn, or any other negligent acts or omissions—all of the damages arise out of the underlying assault or battery.  James River accordingly submits it has no duty to defend or indemnify Retro or Phillips.

15206928v1 0965601

## STATEMENT OF UNDISPUTED MATERIAL FACTS[1]

*Tompkins's Assault and Battery Lawsuit*

1.      On 05/29/2012, Tompkins filed suit against Retro and Phillips, Case No. CV-2-12-900678 (*Tompkins Am. Compl.*, DE 38-1, Ex. A).

2.      Tompkins alleges that on 05/28/2010 she was "**maliciously and viciously attacked by Defendant Cornell Nobles, Jr.**, on the premises while attempting to return to a vehicle owned by her boyfriend.  Defendant Nobles was a patron and invitee of the Defendants' and was well known for his criminal history and violence perpetrated on other individuals." In the same paragraph, Tompkins alleges that "Plaintiff was assaulted and an attempted rape was interrupted." (*Tompkins Am. Compl.*, DE 38-1, Ex. A, p.3/7.) (bold added)

3.      Count I of Tompkins's amended complaint asserts a claim of negligence/premises liability against Retro and Phillips.  Tompkins specifically alleges:

> 1. … ***Plaintiff avers and alleges that said premises were negligently and wantonly maintained, which was a proximate cause of the Plaintiff's suffering said assault and sustaining her injuries and damages***.  Specifically, Plaintiff avers that the location of the premises was inadequately lit and was not properly maintained so as ***to discourage personal assaults***.  Plaintiff further avers that this location has incurred ***numerous assaults*** on the general public, and invitees on numerous occasions was known or should have been known to the Defendants. Plaintiff further avers that there was no security or inadequate security at the above business ***at the time of the attack***. …
>
> 2. Defendants owed a duty to Plaintiff to install adequate lighting which would be a reasonable ***deterrent to the assault***, and also to provide security to all patrons, and especially to unescorted females at night. …

(*Tompkins Am. Compl.*, DE 38-1, Ex. A, ¶¶1-3.) (bold added)

------

[1] For the Court's convenience, James River contemporaneously filed a compendium of exhibits that catalogues all of the evidence that informs the inquiry (DE 38.)  For ease of reference, all citations to the record refer to the exhibits in the compendium.

15206928v1 0965601

4.      Count II is for Negligent Supervision.  Tompkins again alleges:

4. Upon knowledge and belief the Plaintiff further alleges that the Defendant failed to exercise proper control over their servants, agents, and/or employees.  And [sic] that such failure was the proximate cause of the Plaintiff **suffering and sustaining her injuries** as set out below.  Upon information and belief Plaintiff avers that certain employees of the Defendant had notice and knowledge of Mr. Nobles' **propensity for violence**.  Mr. Nobles had a **history of assaults** on female patrons on other occasions which were known to the Defendants. Specifically, Plaintiff avers that Defendant's service agents and/or employees failed to make the premises formally known as Rewind Bar and Grille and now known as The Twisted Monkey safe for members of the general public and or business invitees. Upon information and belief the Defendants do not possess a security plan and have not trained their employees **concerning patron safety**.  The Defendants knew and had reason to know from past experience that there was a likelihood of conduct on the part of Mr. Nobles which would endanger the Plaintiff.

(*Tompkins Am. Compl.*, DE 38-1, ¶4.) (bold added)

5.      Count III is for Failure to Warn, and specifically alleges:

*5.* The Plaintiff further alleges that the aforesaid Defendants failed to warn the Plaintiff of this dangerous situation and failed to take any steps to **protect her safety**. Plaintiff suffered severe, painful, and permanent injuries. Plaintiff was hospitalized, received extensive medical treatment, and suffered and endured other injuries including a mental breakdown **as a result of this serious and heinous assault** Plaintiff has sought treatment and remedy for her aforementioned injuries. Defendant **Nobles has since been successfully prosecuted and sentenced to 75 years under the control and custody of the Department of Corrections** for the State of Alabama.[2]

(*Tompkins Am. Compl.*, DE 38-1, ¶5.) (bold added)

6.      Finally, Count IV is for "Wantonness," and alleges:

6. Defendant's conduct in failing to **keep his premises reasonably safe** constitutes wanton conduct for which punitive damages are warranted. Plaintiff maintains that Defendants knew of this dangerous situation as Defendant upon knowledge and belief owns other properties that are similar and require safety precautions for the general public and patrons.  Defendant Phillips upon information and belief is very experienced and knowledgeable concerning and maintaining properties in a reasonably safe condition for invitees and patrons.

(*Tompkins Am. Compl.*, DE 38-1, ¶6.) (bold added)

---

[2] Nobles is, in fact, serving a 75-year sentence for the assault, rape and attempted rape of Tompkins and Richardson.  He is in the Draper Correctional Center in Alabama. (DE 38 -3.)

15206928v1 0965601

*Richardson's Assault and Battery Lawsuit*

7.      Richardson filed a separate lawsuit against Retro, Phillips and Nobles, alleging that on June 8, 2010, while an invitee on Retro's premises, she was "assaulted and raped on Defendants' property." (*Richardson Compl.*, DE 38-2, Ex. B, pg. 2/8.)  Richardson further alleged that she was "maliciously and viciously attacked and raped by Defendant Cornell Nobles, Jr. on the premises while attempting to return to a vehicle owned by her boyfriend." (*Id.*)

8.      Richardson asserts the same four counts as Tompkins (Premises Liability, Negligent Supervision, Failure to Warn, and Wantonness).  Indeed, Richardson's complaint alleges the same allegations in Counts I - IV that are alleged in Counts I - IV of Tompkins's Amended Complaint. (*Richardson Compl.*, DE 38-2, ¶¶1-6.)

*Default Judgments Entered in Favor or Tompkins and Richardson*

9.      Tompkins's and Richardson's separate actions were consolidated, and final default judgments were entered against Retro and Phillips for $300,000 each based on the injuries they sustained from the attacks by Nobles. (DE 1, ¶14, DE 38-5, ¶14, DE 38-6, pg. 3/4.)

*The James River Policy*

10.     James River issued a Commercial General Liability policy to Retro, LLC as the Named Insured. (DE 38-4, Ex. 1.)  It includes Form No. CG 00 01 10 01, which provides:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

**a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking to those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

15206928v1 0965601

(DE 38-4; Form No. CG 00 01 10 01.)

11.     The policy also includes an endorsement titled "Assault and Battery Exclusion"

(Form No. AP2044US 06-06), which provides:

## ASSAULT AND BATTERY EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE

**SECTION I- COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** and **SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions** are amended to add the following:

**Assault and Battery**

This insurance does not apply to damages or expenses due to "bodily injury", "property damage" or "personal and advertising injury" <u>arising out of, resulting from, or in connection with</u>:

**(1)**     Assault or battery, whether or not caused or committed by or at the instructions of, or at the direction of or negligence of you, any insured, any person, or any causes whatsoever;

**(2)**     The failure to suppress or prevent assault or battery by you, any insured, or any person;

**(3)**     The failure to provide an environment safe from assault or battery, including but not limited to the failure to provide adequate security, or the failure to warn of the dangers of the environment which could contribute to assault or battery;

**(4)**     The negligent employment, investigation, hiring, supervision, training, or retention of any person;

**(5)**     The use of any force to protect persons or property whether or not the "bodily injury", "property damage" or "personal and advertising injury" was intended from the standpoint of the insured or committed by or at the direction of any insured; or

**(6)**     The failure to render or secure medical treatment or care necessitated by any assault or battery.

Assault includes, but is not limited to, <u>assault</u>, <u>sexual abuse</u>, <u>sexual assault</u>, intimidation, sexual harassment, verbal abuse, and <u>any threatened harmful or</u>

15206928v1 0965601

<u>offensive contact between two or more persons</u>, whether or not caused or committed by or at the instructions of, or at the direction of or negligence of you, any insured, any person, or any causes whatsoever.

Battery includes, but is not limited to, <u>battery</u>, <u>sexual abuse</u>, <u>sexual battery</u>, <u>sexual molestation</u>, and <u>any actual harmful or offensive contact between two or more persons</u>, whether or not caused or committed by or at the instructions of, or at the direction of or negligence of you, any insured, any person, or any causes whatsoever.

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, paragraph a.** is deleted in its entirety and replaced with the following:

a.   **Expected or Intended Injury**

"Bodily injury" or "property damage" which is expected or intended by one or more insureds even if the "bodily injury" or "property damage":

**(1)**   Is of a different kind, quality, or degree than initially expected or intended; or

**(2)**   Is sustained by a different person, entity, real or personal property than initially expected or intended.

(DE 38-4, Ex.1; Form No. AP2044US 06-06.) (underscore added)

12.   The policy includes an endorsement titled "Combined Policy Exclusions" (Form No. AP2029US 11-05), which provides:

## COMBINED POLICY EXCLUSIONS

This endorsement modifies insurance provided under the following:

ALL COVERAGE PARTS

The following exclusions are added to this policy:

**DUTY TO DEFEND EXCLUSION**

Where there is no coverage under this policy, there is no duty to defend.

(DE 38-4, Ex.1; Form No. AP2029US 11-05).

<u>*Tompkins's Answer*</u>

15.   Tompkins filed an answer to James River's complaint for Declaratory Judgment

15206928v1 0965601

on July 15, 2015.  Pertinent to this motion, Tompkins's answer makes the following admission of the facts averred in paragraph 14 of James River's complaint:

> The Tompkins and Richardson lawsuits were consolidated.  Judgments were entered in favor of Tompkins and Richardson, each in the amount of $300,000, respectively.

(DE 1, ¶14, DE 38-5, ¶14.)

### *Richardson's Rule 26 Disclosures*

16.     Richardson filed an answer to James River's complaint summarily denying every allegation, even allegations regarding her own underlying pleadings and state court default judgment (DE 11.)

17.     Richardson did serve, however, initial Rule 26 Disclosures admitting these allegations: (1) that Richardson made a claim against Retro and Phillips (DE 38-6, pg. 2/4); (2) that Nobles was convicted of assault and battery against Richardson at Retro's establishment (DE 38-6, pg. 2/4); (3) that Richardson has made a demand for James River's policy limits (DE 38-6, pg. 2/4); (4) that Richardson filed an underlying complaint in Case No. CV-2012-900823 (Montgomery County, Alabama) (DE 38-6, pg. 3/4); (5) that a final default judgment was entered against Retro and Phillips in Case No. CV-2012-900823 (DE 38-6, p.3/4), and (6) that Richardson's damages include the $300,000 plus interest to satisfy her judgment against Retro and Phillips for the underlying lawsuit (DE 38-6, pg. 3/4).

### *Retro and Phillips's Default*

18.     Failing to respond to James River's complaint, a Clerk's Default was entered against Retro and Phillips (DE 30.)   Accordingly, Retro and Phillips are deemed to have admitted the allegations in James River's Complaint (DE 1), which are expressly incorporated and re-alleged in its statement of undisputed facts, and as alleged in the sections above.

15206928v1 0965601

<u>ARGUMENT AND CITATION OF AUTHORITIES</u>

**Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This matter can be decided as a matter of law. *See ABC Distr., Inc. v. Lumbermens Mut. Ins. Co.*, 646 F.2d 207, 208 (5th Cir. 1981) ("This issue is appropriate for determination upon a motion for summary judgment because … an insurance company's duty to defend an action against its insured is determined by examining whether the allegations of the underlying complaint against the insured fall within the coverage of the insurance policy.").

**Standards for Policy Interpretation**

Insurance policies, like other contracts, are interpreted according to their plain meaning and courts must interpret policies to give meaning and effect to its terms as a whole. *Cont'l Cas. Co. v. Alabama Emergency Room Admin. Svcs., P.C.*, 623 F. Supp. 2d 1290, 1294 (M.D. Ala. 2009). If the terms of a policy are plain and unambiguous, the construction of the contract and its legal effect become questions of law for the court. *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 308 (Ala. 1999) (citations omitted). Ambiguous terms are construed against the drafter. *Scottsdale Ins. Co. v. Nat'l Sec. Fire & Cas. Ins.*, 741 So. 2d 424, 426-27 (Ala. Civ. App. 1999). The terms of the insurance policy should be given a rational and practical construction. *Id*. at 309 (citing *Green v. Merrill*, 308 So. 2d 702 (Ala. 1975)). Moreover, the Alabama Supreme Court specifically rejected the doctrine of reasonable expectations so courts will not be tempted to substitute their notions of equity for the unambiguous terms of the insurance contract

15206928v1 0965601

purchased by the insured. *Slade*, 747 So. 2d at 312.

It is the insured's burden to establish that a claim is within coverage. *See Am. Safety Indem. Co. v. Taylor*, 513 Fed. App'x 807, 813 (11th Cir. 2013) (insured bears burden of proving that a claim is within coverage, even in an action for declaratory judgment brought by insurer). On the other hand, it is the insurer's burden to establish an exclusion. *Id.* (an insurer bears the burden of persuasion in relying on a policy exclusion). As set forth in greater detail *infra*, James River easily satisfies its burden of demonstrating that as a matter of law, the underlying claims are excluded under the policy's Assault and Battery Exclusion.

**Standard for Duty to Defend**

The duty to defend, under Alabama law, is typically determined by the allegations of the underlying complaint. *Ladner & Co. v. Southern Guar. Ins.*, 347 So. 2d 100, 102 (Ala. 1977). Courts are permitted to examine uncontroverted facts outside he pleadings that, if pled, would establish the application of an exclusion. *Cook*, 619 F.2d at 555 (citing *Hartford Fire Ins. Co. v. Blakeney*, 340 So.2d 754 (Ala. 1976); *Smith v. North River Ins. Co.*, 360 So. 2d 313 (Ala. 1978)). If there is no potential for coverage as a matter of law, the court is able to resolve the duty to defend and indemnify. *See State Farm Fire & Cas. v. Davis*, 612 So. 2d 458, 465-66 (Ala. 1993) (holding that policy exclusion precluded coverage allegations of sexual molestation such that court could find as a matter of law that there was no duty to defend or indemnify).

The James River insurance contract specifically addresses the duty to defend. The Policy contains a "Duty to Defend" provision. It succinctly provides: "Where there is no coverage under this policy, there is no duty to defend."[3] Under this provision, which is routinely enforced,

---

[3] The Duty to Defend provision is contained in the "Combined Policy Exclusions" endorsement. (DE 38-4, Form AP2105US 11-03.)

15206928v1 0965601

there can be no duty to defend if there is ultimately no duty to pay. *See, e.g.*, *Atlantic Cas. Ins. Co. v. Cheyenne Country*, No. 11–2273, 2012 WL 1637432, at *13 (W.D. Tenn. May 9, 2012) ("The policy clearly and unambiguously states, 'Where there is no coverage under this policy, there is no duty to defend any insured.' The Court concludes, therefore, that Plaintiff has no duty to defend any of the insureds who are named as defendants in the wrongful death suit."); *Geiser v. Simplicity, Inc.*, No. 5:10-cv-21, 2011 WL 2413668, at *5 (N.D. W.Va. June 10, 2011) (reciting the identical provision and holding that "[b]ecause this Court finds that there is no coverage under the policy, there is no duty for James River to defend Simplicity."). In effect, the Duty to Defend provision forecloses the possibility that there can ever be a duty to defend if there is no duty to indemnify. Stated differently, James River need only show that there is no duty to indemnify to simultaneously establish that there is no duty to defend.

## THE POLICY'S ASSAULT AND BATTERY EXCLUSION BROADLY ELIMINATES COVERAGE FOR ALL CAUSES OF ACTION, INCLUDING NEGLIGENCE, IN ANY WAY ARISING OUT OF AN ASSAULT OR BATTERY

It is indisputable that both Tompkins and Richardson's claims arise out of an assault and battery. Both allege Nobles attacked, raped, and attempted to rape them on Retro's premises. The policy defines an "Assault" as "assault, sexual abuse, sexual assault, intimidation, sexual harassment, verbal abuse, and any threatened harmful or offensive contact between two or more persons ….," and a "Battery" as "battery, sexual abuse, sexual battery, sexual molestation, and any actual harmful or offensive contact between two or more persons." The attack and rape of Richardson and the attempted rape of Tompkins squarely fall within the definitions.

Alabama, like most states, broadly applies the prepositional phrase "arising out of" in insurance policies, in particular exclusions. *See, e.g.*, *Western World Ins. Co. v. Resurrection Catholic Mission*, No. No. 2:05cv327-ID (WO), 2006 WL 2079990, at *9 (M.D. Ala. July 25,

15206928v1 0965601

2006) (the words "arising out of" are broad, general, and comprehensive terms effecting broad coverage and are understood to mean originating from, having its origin in, growing out of or flowing from) (citations omitted).

Regarding Assault and Battery exclusions, Alabama courts, including the Alabama Supreme Court, have sensibly ruled that for all claims, whether couched in negligence or not, the insurer owes no coverage if the claim for bodily injury arises out of an assault or battery. *See Gregory v. Western World Ins. Co.*, 481 So. 2d 878 (Ala. 1985) (similarly worded assault and battery exclusion was held unambiguous); *Admiral Ins. Co. v. Pryce-Williams*, 129 So. 3d 991 (Ala. 2013) (narrowly worded assault and battery exclusion still precluded claims of negligent failure to suppress/wantonness claims arising out of an assault and battery); *Montpelier U.S. Ins. Co. v. Hubbard*, No. 1:13-cv-1956-TMP, 2015 WL 996598, at *5 (N.D. Ala. Mar. 6, 2015) (broad assault and battery exclusion, eliminating coverage for all claims for negligent failure to suppress and negligent security arising out of an assault or battery eliminated insurer's duty to defend and indemnify insureds for wrongful death claim); *Southern Pioneer Prop. & Cas. Ins. v. Bennett*, No. 2:09-cv-903-MEF-SRW, 2010 WL 2976555, at *3 (M.D. Ala. July 27, 2010) (assault and battery exclusion in liquor liability policy eliminating coverage for injuries for assaults and batteries without regard to any negligence of the insured whatsoever, excluded coverage for negligent security claims against bar). This authority is dispositive.

In *Gregory*, the Alabama Supreme Court analyzed an exclusion similar to the Assault and Battery Exclusion at issue here. The exclusion in *Gregory* excluded any claim alleging "'bodily injury' or 'property damage' arising out of an assault and battery … whether caused by or at the instigation or direction of the insured, his employees, patrons, or any other person." *Gregory*, 481 So.2d at 878. A patron in the bar was struck and injured during a bar fight at the insured's

15206928v1 0965601

premises.   The patron sued the bar owner, alleging negligent maintenance of the premises, negligent security, and wantonness. The Alabama Supreme Court found that this policy language was unambiguous, and excluded coverage for the claims for negligent security and wantonness, since they arose out of the underlying assault and battery committed "by any person" *Id.* at 481.

Similarly, in *Price-Williams*, the Alabama Supreme Court again analyzed what was arguably a narrower assault and battery exclusion, which appeared limited to assault and battery committed by or at the direction of any insured, as opposed to any patron or any person (like Gregory and the present James River exclusion).  A guest at a fraternity house was involved in an altercation when two fraternity members assaulted the guest.  A third person, who was not an insured, was also involved in the attack.   The guest sued the fraternity and its members, specifically the two assailants.  The Court held that even though a third person who was not an insured was involved, the guest specifically sued for the assault committed by the insureds. *Price-Williams*, 129 So. 3d at 997.   Furthermore, the exclusion applied to claims that the insureds were negligent in failing to implement a risk management program and wantonness, even though these claims were not otherwise specifically excluded from coverage. *Id.* at 998. The Alabama Supreme Court specifically found that the claims for negligent failure to implement a safety program and wantonness could not be divided from the underlying act of assault and battery. *Id*. at 998-99.  Stated differently, the negligence and wantonness claims "arose out of" the underlying assault and battery. *Id*. ("All of Price-Williams's injuries arose from and were the product pf the assault-notwithstanding the fact that the negligent or wanton failure to implement a risk-management program may have been an additional proximate cause.")

15206928v1 0965601

To be certain, the James River policy goes beyond merely excluding all claims arising out of assault or battery. It also specifically excludes every claim of negligence or wantonness asserted by Tompkins and Richardson arising out of an assault or battery. Here is a side-by-side comparison of the allegations and the exclusion:

| TOMPKINS AND RICHARDSON'S ALLEGATIONS | COMPARED TO JAMES RIVER'S ASSAULT AND BATTERY EXCLUSION |
|---|---|
| Count <u>I</u> – Premises Liability-<br>"Defendant negligently and wantonly caused or allowed the premises to be unsafe and improperly maintained as to the proper lighting and security …."<br>(DE 38-1, ¶1; DE 38-2, ¶1.) | "This insurance does not apply to damages or expenses due to "bodily injury" … arising out of, resulting from, or connection with:<br><br>(2) the failure to suppress or prevent assault or battery by … any person;<br><br>(3) The failure to provide an environment safe from assault or battery, including but not limited to the failure to provide adequate security, or the failure to warn of the dangers of the environment which could contribute to assault or battery." |
| Count <u>II</u> – Negligent Supervision -<br>"Defendant's service agents and/or employees failed to make the premises formally known as Rewind Bar and Grille … safe for members of the general public and or business invitees."<br>(DE 38-1, ¶4; DE 38-2, ¶4.) | "This insurance does not apply to damages or expenses due to "bodily injury" … arising out of, resulting from, or connection with:<br><br>(3) The failure to provide an environment safe from assault or battery, including but not limited to the failure to provide adequate security, or the failure to warn of the dangers of the environment which could contribute to assault or battery.";<br><br>(4) The negligent employment, investigation, hiring, ***<u>supervision</u>***, training or retention of any person. |
| Count <u>III</u> – Failure to Warn -<br>"Defendants failed to warn the Plaintiff of this dangerous situation and failed to take any steps to protect her safety." | "This insurance does not apply to damages or expenses due to "bodily injury" … arising out of, resulting from, or connection with: |

15206928v1 0965601

| (DE 38-1, ¶5; DE 38-2, ¶6.) | (2) the failure to suppress or prevent assault or battery by … any person;<br><br>(3) The failure to provide an environment safe from assault or battery, including but not limited to the failure to provide adequate security, or ***the failure to warn*** of the dangers of the environment which could contribute to assault or battery." |
|---|---|
| Count IV – Wantonness - "Defendant's conduct in failing to keep his premises reasonable [sic] safe constitutes wanton conduct for which punitive damages are warranted." (DE 38-1, ¶6; DE 38-2, ¶6.) | "This insurance does not apply to damages or expenses due to "bodily injury" … arising out of, resulting from, or connection with:<br><br>(2) the failure to suppress or prevent assault or battery by … any person;<br><br>(3) ***The failure to provide an environment safe from assault or battery***, including but not limited to the failure to provide adequate security, or the failure to warn of the dangers of the environment which could contribute to assault or battery." |

James's River's Assault and Battery Exclusion excludes all manner of negligence claims arising out of an assault and battery incidents that occurred and, in fact, specifically excludes each of the causes of action asserted by Tompkins and Richardson.

In *Hubbard*, the district court addressed a similarly worded exclusion, which provided:

> [t]his policy does not apply to "bodily injury," "personal injury," or "property damage" arising out of assault and/or battery or out of any act or omission in connection with the prevention or suppression of such acts, including the failure to warn, train or supervise, whether caused by or at the instigation or direction of the Insured, his employees, patrons or any other person.

*Hubbard*, 2015 WL 995598, at *2. In finding that the exclusion eliminated coverage for the claims for negligence and wantonness against the bar, the district court held that the decedent's "personal injuries and death arose out of an assault and battery by a 'patron.' All of her legal claims against the insureds merely allege negligence or wantonness in failing to 'prevent[] or

15206928v1 0965601

suppress[]'the attack on her son by another patron ...and these are precisely the types of claims the assault and battery exclusion was intended to excluded from coverage." *Id*. at 4.

Here, the policy's Assault and Battery Exclusion is even broader than in *Hubbard*, as it specifically excludes each claim asserted by Tompkins and Richardson. Consequently, this Court should find as a matter of law that James River owes no duty to defend or indemnify Retro and Phillips for the lawsuits filed by Tompkins and Richardson.

<u>**CONCLUSION**</u>

The underlying lawsuits filed by Tompkins and Richardson undeniably arose from an assault and battery committed by Nobles against the respective claimants. James River's policy unambiguously excludes any coverage for Tompkins's and Richardson's claims, including and specifically, their claims for negligence/premises liability, negligent security, failure to warn, and wantonness. Accordingly, this Court should enter final summary judgment in favor of James River and declare that it has no obligation to defend or indemnify Retro or Phillips for the Tompkins and Richardson lawsuits, and award it costs, as well as any other relief the Court deems equitable and just.

Respectfully submitted,

JAMES RIVER INSURANCE COMPANY

By Its Attorneys,

*/s/ Chad M. Vacarella*
_____

Chad M. Vacarella,
Bar No. ASB-7140-D65V
cvacarella@hinshawlaw.com
HINSHAW & CULBERTSON LLP
28 State Street
24th Floor
Boston, Massachusetts 02109
617-213-7000 (T)
617-213-7001 (F)

15206928v1 0965601

-    and –

*/s/ John J. Cavo*
John J. Cavo (*Pro Hac Vice*)
Florida Bar No. 0462764
jcavo@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd., 4th Floor
Miami, Florida 33134
305-358-7747 (T)
305-577-1063 (F)

*Sina Bahadoran (*Pro Hac Vice* pending)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 1, 2016, I e-filed this document using the CM/ECF system.  I further certify that I am not aware of any non-CM/ECF participants.

s/JOHN J. CAVO
**JOHN J. CAVO**

15206928v1 0965601