IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES RIVER INSURANCE CO., | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:15-CV-465-WKW |
| | ) (WO) |
| RETRO, LLC, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff James River Insurance Company's motion for summary judgment in this insurance coverage case. (Doc. # 39.) Also before the court is James River's motion for the court to take judicial notice of the complaints in the underlying state court actions. (Doc. # 37.) Upon consideration of the motions, the court concludes that they are due to be granted as to Defendants Tompkins and Richardson.

### I.    JURISDICTION AND VENUE

The court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested.

### II.    STANDARD OF REVIEW

To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence and the inferences from that evidence in the light most favorable to the nonmovant. *Jean–Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* Alternatively, a movant who does not have a trial burden of production can assert, without citing the record, that the nonmoving party "cannot produce admissible evidence to support" a material fact. Fed. R. Civ. P. 56(c)(1)(B); *see also* Fed. R. Civ. P. 56 advisory committee's note ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials . . . . [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.").

If the movant meets its burden, the burden shifts to the nonmoving party to establish—with evidence beyond the pleadings—that a genuine dispute material to each of its claims for relief exists. *Celotex*, 477 U.S. at 324. A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a

reasonable fact finder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

### III.  UNDISPUTED FACTS[1]

In August 2009, James river issued an insurance policy (Doc. # 38-4 at 4–61) to Defendant Retro, LLC, d/b/a Rewind ("Retro"), which operated a bar in Montgomery, Alabama called Rewind.  The policy obligated James River to provide Retro and its member/manager, Defendant Mickey Phillips,[2] defense and indemnity in cases arising out of bodily injury occurring on Retro's premises during the policy period.[3]  (Doc. # 38-4 at 7.)  However, pursuant to an assault and battery exclusion, James River had no duty to defend or indemnify with respect to bodily injury "arising out of, resulting from, or in connection with" the following:

> 1. Assault or battery, whether or not caused by or at the instructions of, or at the direction of or negligence of [Retro], any insured, any person, or any causes whatsoever;
>
> 2. The failure to suppress or prevent battery by [Retro], any insured, or any person;

---

[1] The court has reviewed and takes judicial notice of the content of the state court records and the documents filed in the underlying tort cases. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (holding that a court may take judicial notice of the existence and contents of documents filed in another court, but not of the truth of the matters asserted therein).

[2] Retro is the named insured on the policy.  As a member and manager of the LLC, Phillips is also an insured with respect to conduct related to Retro's business.  (Doc. # 38-4 at 4, 15.)

[3] It is undisputed that the incidents giving rise to the coverage dispute occurred on Retro's premises during the policy period.

3

    3.    The failure to provide an environment safe from assault or battery, including but not limited to the failure to provide adequate security, or the failure to warn of the dangers of the environment which could contribute to assault and battery; [or]

    4.    The negligent employment, investigation, hiring, supervision, training, or retention of any person.

(Doc. # 38-4 at 35.)

The policy defines assault and battery as follows:

Assault includes, but is not limited to, assault, sexual abuse, sexual assault, intimidation, sexual harassment, verbal abuse, and any threatened harmful or offensive contact between two or more persons, whether or not caused or committed by or at the instructions of, or at the direction of or negligence of [Retro], any insured, any person, or any causes whatsoever.

Battery includes, but is not limited to, battery, sexual abuse, sexual battery, sexual molestation, and any actual harmful or offensive contact between two or more persons, whether or not caused or committed by or at the instructions of, or at the direction of or negligence of [Retro], any insured, or any causes whatsoever.

(Doc. # 38-4 at 35.)

In consolidated state court cases filed in 2012, Jessica Lynn Tompkins and Natalie Lina Richardson sought judgments against Phillips and Cornell Nobles, Jr., for injuries arising out of incidents when Nobles attacked them while they were invitees on Retro's premises.[4] In their complaints, they alleged that, prior to the assaults, Phillips knew Nobles had a history of violence and crime, including

---

[4] According to the allegations of the state court complaints, Nobles attacked Tompkins on May 28, 2010, and Richardson on June 8, 2010.

4

assaults on women. They asserted the following claims against Phillips: negligence/premises liability (for improper lighting and security conditions); negligent supervision (for failing to implement and properly train employees in a security plan to protect patrons); failure to warn; and wantonness (in failing to keep the premises safe). (Doc. # 38-1; Doc. # 38-2.)

## IV.   PROCEDURAL HISTORY

On July 2, 2015, James River filed this declaratory judgment action against Richardson, Tompkins, Retro, and Phillips. (Doc. # 1.) James River seeks a declaratory judgment that, pursuant to the terms of the assault and battery exclusion in the insurance policy, it owes no duty to defend or indemnify Retro or Phillips in the state court cases filed by Richardson and Tompkins. (Doc. # 1.)

On October 15, 2016, the Clerk entered default against Retro and Phillips. (Doc. # 30.) On April 1, 2016, James River filed motion for summary judgment (Doc. # 39) and a motion for the court to take judicial notice of the complaints in the underlying actions. (Doc. # 37.)

On April 26, 2016, the court held an off-the-record status and scheduling conference by telephone to address certain scheduling matters necessitated by the fact that Tompkins had obtained new counsel after one of her previous attorneys passed away. Counsel for James River and Tompkins participated in the

conference; Richardson had notice of the conference but was not represented at the conference. (Doc. # 47 at 1 n.1.)

On May 16, 2016, Tompkins filed a response to the summary judgment motion. (Doc. # 48.) With commendable candor, Tompkins's attorney stated that, under Alabama law, he could make no reasonable argument that James River owed coverage for the claims and injuries alleged in Tompkins's complaint. Richardson did not respond to the motion for summary judgment.

On May 23, 2016, James River filed a reply in support of its motion for summary judgment. (Doc. # 49.) The motion is now under submission.

## V. DISCUSSION

The relevant facts are undisputed, the terms of the policy are unambiguous, and Alabama law is clear. Pursuant to the plain language of the assault and battery exclusion, James River owes no duty to defend or indemnify Retro or Phillips with respect to bodily injury "arising out of, resulting from, or in connection with" assault or battery, including but not limited to injuries arising from failure to prevent battery, failure to provide adequate security or provide a safe environment, failure to warn, and negligent supervision. (Doc. # 38-1 at 35.)

Tompkins's and Richardson's injuries arise out of, result from, and were incurred in connection with assault and battery. Their state court claims consist of negligence in maintaining adequately secure and well-lit premises; negligent

supervision (specifically, failing to implement a policy and train employees to provide a safe environment and prevent battery); failure to warn; and wantonness in failing to keep the premises safe.  Thus, Tompkins's and Richardson's injuries and state court claims are wholly excluded from coverage under the plain terms of the policy.  *Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So. 2d 687, 691 (Ala. 2001) ("A contract of insurance, like other contacts, is governed by the general rules of contracts. Insurance companies are entitled to have their policy contract enforced as written."  (citations omitted)); *see Admiral Ins. Co. v. Pryce-Williams*, 129 So. 3d 991 (Ala. 2013) (holding, in a case involving injuries caused by an assault and battery that occurred on the insured's premises, that an assault and battery exclusion precluded coverage for negligent and wanton failure to implement a risk-management program); *Gregory v. W. World Ins. Co.*, 481 So. 2d 878, 881 (Ala. 1985) (holding, in coverage case involving applicability of a similar exclusion to premises liability claims for injuries sustained in a bar fight, that "[i]t is not disputed that the bodily injury in question here was injury 'arising out of assault and battery.' The exclusion, therefore, being applicable, the trial court was correct in granting summary judgment for the [insurer].").

    Although Tompkins has expressly stated that she does not oppose the motion and Richardson entirely failed to respond to it, the court does not base its summary judgment ruling on the fact that the motion is unopposed.  Rather, having

considered James River's motion and evidentiary submissions, the terms of the policy, the allegations and claims in the state court complaints, and governing Alabama law, the court concludes that James River met its burden to demonstrate that it is entitled to summary judgment on the basis of the law and the undisputed facts. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (holding that, where the opposing party fails to respond to a summary judgment motion, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."); *see also* Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment *if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it*." (emphasis added)); *Twin City Fire*, 817 So. 2d at 691 (holding that an insurer "has the burden of proof in asserting that a claim is excluded under its policy of insurance").

    Therefore, as a matter of law, James River is entitled to summary judgment. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *Nationwide Ins. Co. v. Rhodes*, 870

So.2d 695, 697 (Ala. 2003) (holding that, where the terms of an insurance policy are plain and unambiguous, the interpretation of the contract and its legal effect are questions of law for resolution by the court).

## VI. CONCLUSION

Accordingly, it is ORDERED:

1. Plaintiff James River Insurance Company's motion for the court to take judicial notice of the complaints in the underlying actions (Doc. # 37) is GRANTED.

2. Plaintiff James River Insurance Company's motion for summary judgment (Doc. # 39) is GRANTED as to Defendants Jessica Lynn Tompkins and Natalie Lina Richardson.

3. In accordance with Fed R. Civ. P. 55(b)(2), on or before **June 17, 2016**, Plaintiff James River Insurance Company shall file an application for default judgment against Defendants Mickey Phillips and Retro, LLC.

DONE this 9th day of June, 2016.

                                        /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE